**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD COBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-11400 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| JEWEL-OSCO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Richard Cobbins has filed this action alleging that Defendant Jewel-Osco—his former employer—violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Specifically, Plaintiff has filed a complaint alleging that Defendant discriminated against him on the basis of a disability (Count I) and also that Defendant failed to accommodate his disability (Count II). This matter is before the Court on Defendant's partial motion to dismiss and for an extension of time to answer the complaint [10]. For the reasons set forth below, Defendant's motion [10] is granted. To the extent that Count I is premised on any alleged discriminatory actions that took place before September 16, 2013, such claims are dismissed without prejudice. However, the Court does not strike the allegations concerning pre-September 16, 2013 events, as evidence concerning those events may be relevant to Plaintiff's timely discrimination claim. Plaintiff shall have until September 5, 2017 to file an amended complaint if he wishes to do so consistent with this opinion. Defendant is given until September 26, 2017 to answer Plaintiff's complaint (or to answer or otherwise plead to any amended complaint that Plaintiff may file). The status hearing previously set for August 30, 2017 is reset to September 28, 2017 at 9:00 a.m.

**I.     Background[1]**

Plaintiff Richard Cobbins began his employment with Defendant Jewel-Osco in 1984 as a service clerk. Plaintiff alleges that he received "multiple promotions over the years," eventually reaching the level of Assistant Store Director. In September 2009, Plaintiff suffered a work-related back injury and fractured wrist that limited his ability to perform routine daily tasks. [1] at ¶ 10. Plaintiff alleges that he sought the care of a physician and that, with the help of medication, he could "perform his job duties with a reasonable accommodation." *Id*. at ¶ 12. Before Plaintiff's physician cleared him to return to work, Plaintiff contends that Defendant ordered him back to work. Therefore, in the "[s]ummer of 2010," Plaintiff returned to work "with [the] restriction of no heavy lifting and/or pulling." *Id*. at ¶ 13.

According to Plaintiff, Defendant failed to abide by that restriction. *Id*. at ¶ 14. For example, on at least one occasion, Defendant ordered Plaintiff to manually pull pallets of merchandise weighing some 400-500 pounds. When Plaintiff requested an accommodation for this task, Defendant allegedly both refused and specifically instructed other employees not to assist Plaintiff. *Id*. at ¶¶ 17–18. Plaintiff contends that Defendant also ignored the restriction by scheduling him to work the second shift, which required heavy lifting and pulling. *Id*. at ¶ 19. In addition, Plaintiff contends that Defendant scheduled him to work "erratic shifts," which interfered with his ability to take his medication. *Id*. at ¶ 15. Because his restriction and accommodation requests were not being honored, Plaintiff complained to Defendant's human resources department. In response, Plaintiff alleges that he was told to "give up and quit." *Id*. at ¶ 20.

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pled allegations set forth in Plaintiff's complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

In October 2010, Plaintiff alleges that he was forced to take a leave of absence to have wrist surgery. Plaintiff claims that, in the six months following his surgery, he made a minimum of four requests to return to work with doctor-imposed restrictions to Defendant's Medical Accommodation Coordinator that essentially went ignored. *Id*. at ¶¶ 21–24. Then, from March 2011 to November 2012, Plaintiff asserts that Cigna Insurance Company ("Cigna") made "multiple" requests to Defendant that Plaintiff be allowed to return to work with restrictions. According to Plaintiff, in response to such requests "Defendant falsely claimed that it could not accommodate [his] disability." *Id*. at ¶¶ 25–26.

Nearly a year later, on or around September 16, 2013, Plaintiff submitted a "Patient Work Status" form and other documents to the Medical Accommodation Coordinator in an attempt to return to work. Plaintiff alleges that, although the coordinator acknowledged receipt of his documents, she did not respond to his request to return to work. *Id*. at ¶¶ 27–29. Plaintiff contends that Cigna made another request that he be returned to work in October 2013, which was denied. According to Plaintiff, the denial was based on Defendant's "false" statement that it could not accommodate Plaintiff's disability. *Id*. at ¶ 30. Plaintiff alleges that in refusing to return him to work, Defendant discriminated against him on the basis of his disability status.

On July 10, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). See [1-1]. Plaintiff listed the date of the alleged discrimination as September 16, 2013 and marked that it was "continuing." See *id*. at 1. The EEOC issued Plaintiff a Right to Sue letter on September 13, 2016, which Plaintiffs alleges he received on September 19. See [1-2]; [1] at ¶ 35. Plaintiff filed a two-count complaint on December 15, 2016, alleging discrimination (Count I) and failure to accommodate (Count II) in violation of the ADA.

## II. Legal Standard

Defendant seeks dismissal of Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court reads the complaint and assesses its plausibility as a whole, see *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011), and it accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

## III. Analysis

Before litigating an unlawful employment practice under the ADA, an employee must file a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e–5(e)(1), incorporated by 42 U.S.C. § 12117(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). In Illinois, in order for a plaintiff to file a suit under the ADA, the plaintiff must

first file a charge with the EEOC within 300 days from when the alleged discrimination occurred. See *Teague v. Northwestern Mem'l Hosp.*, 492 F. App'x 680, 684 (7th Cir. 2012); *Stepney*, 392 F.3d at 239. A plaintiff who complains of discrete discriminatory acts, must report *each* act to the EEOC in the required timeframe. See *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); see also *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 628 (2007) ("The EEOC charging period is triggered when a discrete unlawful practice takes place."), superseded by statute with respect to compensation practices, Pub. L. No. 111–2, 123 Stat. 5 (Jan. 29, 2009). In *Morgan*, the Supreme Court explained that discrete acts, which "are easy to identify," specifically include "termination, failure to promote, denial of transfer, or refusal to hire," *Morgan*, 536 U.S. at 114, as their "occurrence can be pinpointed in time." *Hildebrandt v. Ill. Dept. of Nat'l Resources*, 347 F.3d 1014, 1028 (7th Cir. 2003) (citing *Inglis v. Buena Vista Univ.*, 235 F. Supp. 2d 1009, 1023 (N.D. Iowa 2002)). Discrete discriminatory acts "are not actionable if time barred, even when they are related to acts" that occurred within the limitations period for filing a charge with the EEOC. *Morgan*, 536 U.S. at 113–14.

Defendant moves to dismiss Count I in part, arguing that certain of Plaintiff's alleged discriminatory actions are time-barred. Defendant specifically points to paragraphs 13 through 26 of the complaint, which detail discriminatory acts that took place in 2010, 2011, and 2012. See [11] at 4. Dismissing a claim as untimely at the pleading stage is an "unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009); see also *Stuart v. Local 727, Int'l Brotherhood of Teamsters*, 771 F.3d 1014, 1018 (7th Cir. 2014) ("A plaintiff is not required to negate an affirmative defense in his or her complaint[.]"). However, a claim may be dismissed as untimely at the motion to dismiss stage if

"the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citation omitted). As such, dismissal based upon the affirmative defense of failure to timely file a charge with the EEOC is appropriate only when the allegations in the complaint unambiguously establish the elements of the defense, such that the plaintiff pleads himself out of court. *Stuart*, 771 F.3d at 1018; see, *e.g.*, *Scott v. City of Kewanee*, 2014 WL 1302025, at *3 (C.D. Ill. Mar. 28, 2014) (dismissing discrimination claim as untimely where the complaint and attachments "plainly revealed" that plaintiff's EEOC charge was not filed within the applicable statutory period).

In this case, Plaintiff filed his EEOC charge on July 10, 2014, and therefore discriminatory acts that occurred up to 300 days before that date (or from September 16, 2013 to July 10, 2014) are timely. Although the complaint sets forth a number of discriminatory acts from 2010 to 2013—starting with Defendant's alleged refusal to accommodate Plaintiff's work restrictions and later Defendant's refusal to return Plaintiff to work after he received medical clearance from his doctor—only two of the alleged events fall within the EEOC charging period: Defendant's refusals to return Plaintiff to work on September 16, 2013 (see [1] at ¶¶ 27–29) and in October 2013 (see *id.* at ¶ 30). The Court agrees with the parties that these two acts are actionable under Count I. See [14] at 3 ("Defendant's refusal to allow Plaintiff to return to work in September 2013 and again in October 2013 are discrete acts, both actionable as disparate treatment under Count I."); [15] at 2 ("The parties are in agreement that the events alleged to have occurred in September and October 2013 were included in a timely EEOC charge.").

6

Plaintiff's response brief makes clear that, although Count I incorporates paragraphs 13 through 26 by reference, he does not seek relief for the alleged discriminatory actions alleged in those paragraphs. Specifically, Plaintiff does not advance any argument that the 2010, 2011, or 2012 acts are actionable under Count I, nor does he posit any argument for their inclusion in that Count.[2] Moreover, he describes the September 2013 and October 2013 refusals as "discrete," see [14] at 3, which rules out the argument that the earlier events were part of a non-discrete continuing violation which might have allowed him to reach beyond the 300-day statute of limitations. See *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 801 (7th Cir. 2008) (the purpose of the continuing violations doctrine is "to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought"); *Coney v. CSX Intermodal Terminals, Inc.*, 2014 WL 4269212, at *2 (N.D. Ill. Aug. 28, 2014) (under the continuing violation doctrine, a plaintiff may obtain relief for a time-barred act if the act is linked by another occurring within the limitations period); see also *Morgan*, 536 U.S. at 122 (a hostile work environment claim, which is a type of continuing violation, "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period"); *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir. 2002) (discussing three theories under which a continuing violation may be established: (1) "when an employer makes employment decisions over time that make it difficult for the employee to determine the actual date of discrimination," (2) when a case involves an express discriminatory policy, and (3) where discrete acts of discrimination are part of an ongoing pattern and at least one of the discrete acts occurred within the relevant limitations period).

---

[2] For example, the "time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Morgan*, 536 U.S. at 113.

Based on the foregoing discussion, the conduct described in paragraphs 13 through 26 regarding discriminatory acts before September 16, 2013 cannot give rise to an independent, timely claim for relief under Count I. See *Morgan*, 536 U.S. at 115 ("discrete discriminatory acts [prior to the charging period] are untimely filed and no longer actionable"); *Teague*, 492 F. App'x at 684 (allegations of discriminatory actions prior to the statutory period could not support ADA claim); *Feng Chen v. Northwestern Univ.*, 175 F. App'x 24, 26 (7th Cir. 2005) (district court properly refused to consider events that occurred outside the 300-day period prior to plaintiff's May 2002 EEOC filing when analyzing ADA claim); accord *Ortega v. Chi. Pub. Sch. of the Bd. of Educ. of the City of Chi.*, 2015 WL 4036016, at *9–*10 (N.D. Ill. June 30, 2015); *Beverly v. Abbott Labs., Inc.*, 2014 WL 12660023, at *5 (N.D. Ill. Mar. 25, 2014). Accordingly, Defendant's motion is granted. However, the Court's partial dismissal of Count I is without prejudice at this time. Although Plaintiff's response brief does not advance any argument for the timeliness of the alleged actions in paragraphs 13 through 26, the Seventh Circuit has expressed a preference that dismissals under Rule 12(b)(6) on untimeliness grounds be without prejudice. See *Doe v. GTE Corp*., 347 F.3d 655, 657 (7th Cir. 2003). If Plaintiff believes that he can amend his complaint consistent with this opinion, he will be given the opportunity to do so.

As a final point, although Plaintiff may not recover under Count I for any alleged adverse actions that occurred before September 16, 2013, the Court notes that the allegations in paragraphs 13 through 26 of the complaint remain in the case. Plaintiff argues that the "alleged untimely facts" in those paragraphs "are permissible[] as background information to support Plaintiff's claims of class membership in a protected class" and to support Defendant's awareness of Plaintiff's disability. [14] at 2, 4–5. The Court agrees. "[I]t is well settled that evidence of earlier discriminatory conduct by an employer that is time-barred is nevertheless

entirely appropriate evidence to help prove a timely claim based on subsequent discriminatory conduct by the employer." *Richardson v. Metro. Family Servs.*, 2014 WL 7205581, at *3 (N.D. Ill. Dec. 18, 2014) (quoting *Mathewson v. Nat'l Automatic Tool Co.*, 807 F.2d 87, 91 (7th Cir. 1986)). Accordingly, Plaintiff can use "the prior acts as background evidence in support of [his] timely claim." *Morgan*, 536 U.S. at 113; see also *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014) (stating that the Seventh Circuit repeatedly has followed *Morgan*'s directive and allowed circumstantial evidence in support of direct discrimination claims).

**IV.  Conclusion**

For the foregoing reasons, the Court grants Defendant's motion [10]. To the extent that Count I is premised on any alleged discriminatory actions that took place before September 16, 2013, such claims are dismissed without prejudice. Plaintiff shall have until September 5, 2017 to file an amended complaint if he wishes to do so consistent with this opinion. Defendant is given until September 26, 2017 to answer Plaintiff's complaint (or to answer or otherwise plead to any amended complaint that Plaintiff may file). The status hearing previously set for August 30, 2017 is reset to September 28, 2017 at 9:00 a.m.

Dated: August 14, 2017

_____
Robert M. Dow, Jr.
United States District Judge